IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    No. 2:22-cv-00315 MIS/KRS

HOWARD D. TRAVIS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND GRANTING PLAINTIFF'S MOTION TO DISMISS**

THIS MATTER is before the Court on Plaintiff's Motion to Dismiss for Failure to State a Claim, ECF No. 7, and Plaintiff's Motion for Default Judgment, ECF No. 8. Defendant Howard D. Travis ("Mr. Travis"), who is currently pro se, responded and submitted additional affidavits. ECF Nos. 9, 10, 11, 12, 13. Plaintiff United States of America ("United States") has declined to submit a reply and the time to do so has passed. D.N.M.LR-Civ. 7.4. Having considered the parties' submissions and the relevant law, the Court will **GRANT** Plaintiff's Motion to Dismiss, **DENY** Plaintiff's Motion for Default Judgment, and order Mr. Travis to file an amended answer by February 10, 2023.

**BACKGROUND**

The United States filed its Complaint on April 26, 2022, seeking a judgment against Mr. Travis for unpaid federal income tax liabilities. ECF No. 1 at 1. On June 29, 2022, Mr. Travis submitted a document styled "Formal Complaint," in which he contests the United States' right to relief, requests the production of certain documents, and requests that the Court transfer the case to another venue. *See* ECF No. 5 at 2–16. On August 25, 2022,

the United States filed its motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), asking that the Court dismiss Mr. Travis's "Formal Complaint" as his arguments are "completely lacking in legal merit and patently frivolous." ECF No. 7 at 1. On September 7, 2022, the United States filed its motion for default judgment, stating that as Mr. Travis's June 29, 2022 filing "is not an answer under Rule 8 or a motion under Rule 12," the United States is entitled to a default judgment against Mr. Travis. ECF No. 8 at 1. The Court now considers both of these motions.

## LEGAL STANDARD

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that if a court "can reasonably read the pleadings to state a valid claim on which the [pro se litigant] could prevail, it should do so despite the [litigant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* However, "a pro se [party] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* Additionally, "the court need accept as true only the [pro se litigant's] well-pleaded factual contentions, not his conclusory allegations." *Id.*

## DISCUSSION

In Mr. Travis's June 29, 2022 filing, styled "Formal Complaint," he contests the United States' right to relief, requests the production of certain documents, and requests that the Court transfer the case to another venue. *See* ECF No. 5 at 2–16. He also

appears to name additional parties. *Id.* The Court will therefore construe this document as an attempt at a hybrid answer with counterclaims, third-party complaint, motion for discovery, and motion to transfer. *Hall*, 935 F.2d at 1110 ("A pro se litigant's pleadings are to be construed liberally . . . .").

### I. Mr. Travis's Motion for Discovery

Mr. Travis, in his June 29, 2022 filing, requests the production of a variety of documents. ECF No. 5 at 11–14. According to Rule 26(d)(1), however, a party generally "may not seek discovery from any source" before the parties have conferred as required by Rule 26(f). This bar on premature discovery "facilitates the goal of orderly, efficient, and economical discovery by creating an incentive to meet and devise a joint discovery plan at an early stage of the litigation." *Riley v. Walgreen*, 233 F.R.D. 496, 499 (S.D. Tex. 2005). A recent amendment provides an exception, however, for requests for production served more than 21 days after the service of the summons and complaint. *See* Fed R. Civ. P. 26(d)(2) (governing "Early Rule 34 Requests"). These requests for production are deemed served as of the date of the Rule 26(f) scheduling conference, meaning the recipient has 30 days after said conference to respond. Fed R. Civ. P. 26(d)(2)(B).

Here, the Magistrate Judge has found good cause to delay entry of a scheduling order given the pending dispositive motions. ECF No. 15. There has thus been no Rule 26 conference, meaning that discovery in general is premature, and that Plaintiff's deadline to respond to requests to produce documents is effectively stayed. The Court will therefore decline to order the requested document production. The Court instructs Mr.

Travis to refrain from seeking additional discovery until and unless he is explicitly permitted to do so by the Court.

**II.      Mr. Travis's Motion for Transfer to the Court of International Trade**

Additionally, Mr. Travis appears to request that this case be transferred to the Court of International Trade. ECF No. 5 at 14. Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Additionally, 28 U.S.C. § 1404(a) affords courts broad discretion to adjudicate motions to transfer based on a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991). Courts consider factors including:

> [i] the plaintiff's choice of forum; [ii] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [iii] the cost of making the necessary proof; [iv] questions as to the enforceability of a judgment if one is obtained; [v] relative advantages and obstacles to a fair trial; [vi] difficulties that may arise from congested dockets; [vii] the possibility of the existence of questions arising in the area of conflict of laws; [viii] the advantage of having a local court determine questions of local law; and, [ix] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967); *see also Res. Associates Grant Writing & Evaluation Services, Inc. v. Southampton Union Free Sch. Dist.*, 193 F. Supp. 3d 1200, 1226–27 (D.N.M. 2016).

Here, the United States' Complaint states that "[v]enue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the taxpayer resides in this district." ECF No. 1 at 1. Mr. Travis has not addressed any of the above factors regarding either venue or forum in making his argument for transferring the case to the Court of International Trade. Therefore, the Court will deny his request.

### III.     Plaintiff's Motion to Dismiss Counterclaims and Third-Party Complaint

Pursuant to Rule 12(b)(6), a party may move for dismissal of a pleading if the claimant fails "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Although the Court must accept the truth of all properly alleged facts and draw all reasonable inferences in the claimant's favor, the language of the pleading still "must nudge the claim across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

Here, despite its styling as a "Formal Complaint," Mr. Travis's filing does not actually request relief as against the parties he lists, and the Court is unable to determine what claims he wishes to prosecute against any particular individual or entity. *See generally* ECF No. 5. He spends the bulk of the filing challenging the authority of the United States to impose taxes. *Id.* at 10. This legal theory has been soundly rejected by

5

the courts, including the Tenth Circuit. *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (upholding sanctions against plaintiffs challenging the federal government's right to tax income and noting that "the courts are not powerless in these circumstances and are not required to expend judicial resources endlessly entertaining repetitive arguments. Nor are opposing parties required to bear the burden of meritless litigation."). The Court therefore finds that, to the extent Mr. Travis intended to assert counterclaims against the United States or a third-party complaint against additional parties, he has failed to state a claim upon which relief may be granted. *Hall*, 935 F.2d at 1110 (even a pro se plaintiff "must provide [] facts if the court is to determine whether he makes out a claim on which relief can be granted"); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("Although we construe [plaintiff's] pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants."). The Court will therefore grant the United States' motion to dismiss.

### IV.   Plaintiff's Motion for Default Judgment

As to answers, Rule 8 requires defendants responding to a complaint to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). An allegation of the complaint is admitted if "a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). In addition to a denial or admission, a party may also respond that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation," which has the effect of a denial. Fed. R. Civ. P. 8(b)(5). Rule 8(b) therefore permits only three possible responses to a complaint: (1) admission; (2) denial; or (3) a disclaimer statement in compliance with Rule 8(b)'s provision for lack

of knowledge or information, which is deemed a denial. One way a defendant may comply with these requirements is through a general denial. Rule 8(b)(3) provides:

> A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

Fed. R. Civ. P. 8(b)(3). Defendants must respond to all of a plaintiff's allegations. *See* Fed. R. Civ. P. 8(b)(1)(B) ("In responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party."); *see also Martinez v. Naranjo*, 328 F.R.D. 581, 599 (D.N.M. 2018).

Mr. Travis's June 29, 2022 filing has been marked on the docket as an Answer, and indeed, in it he challenges the Court's jurisdiction over this case, and claims not to have received certain notices as to his tax delinquency. *See* ECF No. 5 at 7, 17. To the extent Mr. Travis's June 29, 2022 filing may represent an attempt to answer the Complaint, however, he fails to either admit or deny the allegations in the United States' Complaint, ECF No. 1, as required by Rule 8. *See generally* ECF No. 5. As discussed above, he instead spends the bulk of the filing challenging the authority of the United States to impose taxes. *Id.* at 10. This is insufficient to comply with Rule 8. *See Martinez*, 328 F.R.D. at 599.

However, as Mr. Travis is pro se, the Court will deny the United States' motion for default judgment without prejudice and allow Mr. Travis one opportunity to file an amended answer. The Court instructs Mr. Travis to file an amended answer by **February 10, 2023**. In this amended pleading, Mr. Travis must respond to the allegations in the Complaint, ECF No. 1, including either an admission, denial, or assertion of inadequate

knowledge, in response to each numbered paragraph in the Complaint. A failure to comply with these instructions may result in the Court granting default judgment to the United States.

The Court cautions Mr. Travis to respond only to the allegations and to assert only meritorious defenses, and to avoid advancing frivolous legal arguments or engaging in other sanctionable conduct. *See Lonsdale*, 919 F.2d at 1448 (upholding monetary sanctions against pro se litigants raising frivolous arguments concerning the government's authority to impose income taxes). The Court also instructs Mr. Travis to comply with Local Rule 7.5 regarding length of motions, and with Local Rule 10.5, which states that exhibits "must not exceed a total of fifty (50) pages, unless all parties agree otherwise" and that "[a] party may file only those pages of an exhibit which are to be brought to the Court's attention." D.N.M.LR-Civ. 10.5.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss for Failure to State a Claim, ECF No. 7, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 8, is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS FINALLY ORDERED** that Mr. Travis shall file an amended Answer, if any, by no later than **February 10, 2023**. Such Answer must comply with Rule 8.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE