IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                           Case No. 2:22-cv-00315-MIS-JHR

HOWARD D. TRAVIS,

    Defendant.

## ORDER GRANTING IN PART THE UNITED STATES OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Plaintiff United States of America's ("Government") Motion for Partial Summary Judgment, ECF No. 36, filed January 19, 2024. Defendant Howard D. Travis ("Defendant"), proceeding pro se, did not file a response. Upon review of the Government's submissions, the record, and the relevant law, the Court will **GRANT** the Motion **IN PART** and provide the Government leave to supplement.

**I.**     **Undisputed Facts**

The following facts are taken from the Government's Statement of Undisputed Material Facts, which are incorporated into their Motion. "SUMF," ECF No. 36 at 2-11. All facts are undisputed.[1]

---

[1] Pursuant to Local Rule 56.1(b), a motion for summary judgment "must set out a concise statement of all of the material facts as to which the movant contends no genuine issue exists." D.N.M.LR-Civ. 56.(b). The facts must be **numbered** and must refer with particularity to those portions of the record upon which the movant relies." Id.. "All material facts set forth in the [motion] will be deemed undisputed unless specifically controverted." Id.

Here, the Government's Motion sets out a concise statement of all of the material facts as to which it contends no genuine issue exists, each fact refers with particularity to the relevant portions of the record upon which it relies, and Plaintiff has not filed a response controverting any of the Government's facts. Consequently, the facts are deemed undisputed.

Defendant did not file federal income tax returns for tax years 2010 – 2012. Id. ¶ 1. Therefore, the IRS prepared returns for Defendant for tax years 2010 – 2012 pursuant to Section 6020(b) of the Internal Revenue Code. Id.

When the IRS prepares returns for a taxpayer pursuant to Section 6020(b) of the Internal Revenue Code, the IRS notifies the taxpayer of the tax obligation determined by the IRS through a statutory notice of deficiency. Id. ¶ 2. The statutory notice of deficiency is sent via certified mail to the taxpayer's last known address and advises the taxpayer that unless he or she responds to the letter within 90 days, the tax obligation determined by the IRS—including tax, penalties, and interest, which is set forth in the statutory notice of deficiency—will be assessed against the taxpayer. Id.

On April 15, 2013, the IRS sent by certified mail to Defendant at his last known address a Notice of Deficiency detailing increases in tax and penalties and additions to tax for tax year 2010. Id. ¶ 4.

On July 7, 2014, the IRS sent by certified mail to Defendant at his last known address a Notice of Deficiency detailing increases in tax and penalties and additions to tax for tax year 2011. Id. ¶ 5.

On June 18, 2015, the IRS sent by certified mail to Defendant at his last known a Notice of Deficiency detailing increases in tax and penalties and additions to tax for tax year 2012.[2] Id. ¶ 6.

---

[2] This assertion is supported by the Declaration of Internal Revenue Service Senior Technical Advisor Charles E. Orrell. ECF No. 36-3 ¶ 8. Mr. Orrell avers that on June 18, 2015, the IRS sent by certified mail "a Notice of Deficiency detailing increases in tax and penalties and additions to tax for tax year 2012[.]" Id. He states that "[a] true and correct copy of the 2012 Notice of Deficiency maintained by the IRS is attached to my declaration as Exhibit 3-C . . . ." Id. He further states that "[a] true and correct copy of the PS Form 3877 maintained by the IRS . . . showing that the 2012 Notice of Deficiency was sent by certified mail to [Defendant] at [his last known address] on June 18, 2015, is attached to my declaration as Exhibit 3-F." Id.

2

Approximately 120 days after the statutory notice of deficiency is mailed to the taxpayer, if the taxpayer's account lacks an entry showing that the taxpayer has filed a petition with the U.S. Tax Court or otherwise challenged the proposed assessment, and the taxpayer has not filed the delinquent tax return, the IRS will assess the tax, penalties, and interest that is set forth in the statutory notice of deficiency.  Id. ¶ 7.  The IRS issues a notice to the taxpayer on or about the day the assessment is made, notifying the taxpayer of the assessment and demanding payment.  Id.

Defendant failed to file a petition with the U.S. Tax Court or otherwise challenge the proposed assessments, and he did not file delinquent tax returns for tax years 2010 – 2012.  Id. ¶ 8.  Therefore, the IRS made the assessments that were set forth in the Notices of Deficiency against Defendant for unpaid federal income taxes, penalties, and interest for tax years 2010 – 2012.  Id.  According to the Government, these income tax liabilities have balances due totaling $151,114.94, as of January 19, 2024, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any credits through January 19, 2024 ("Income Tax Liabilities").  Id. ¶ 9.  A delegate of the Secretary of the Treasury properly gave notice and demand for payment of the Income Tax Liabilities to Defendant; however, Defendant has failed, neglected, or refused to fully pay the Income Tax Liabilities.  Id. ¶ 10.

---

Exhibit 3-C to Mr. Orrell's Declaration is a Notice of Deficiency letter from the IRS to Defendant regarding tax year 2012.  ECF No. 36-6.  The Notice of Deficiency bears Article Number 9307 1107 5620 1688 2270 70.  Id. at 1, 3.  The Notice of Deficiency is dated June 22, 2015.  Id at 1, 3.

Exhibit 3-F is a PS Form 3877 showing that Article Number 9307 1107 5620 1688 2270 70 was sent via certified mail to Defendant at his last known address.  ECF No. 36-9.  The PS Form 3877 contains a United States Postal Service date stamp of June 18, 2015.  Id.

The Government does not address the date discrepancy.  However, because the Notice of Deficiency and PS Form 3877 contain the same name, address, and Article Number; the PS Form 3877 reflects that the Notice of Deficiency was sent via certified mail to Defendant's last known address on June 18, 2015; and because Defendant has not disputed the Government's assertion that on June 18, 2015, the IRS sent by certified mail to Defendant at his last known address a Notice of Deficiency for tax year 2012; the Court finds that Paragraph 6 of the Government's Statement of Undisputed Material Facts is properly supported by record evidence.

**II.     Relevant Procedural History**

On April 26, 2022, the Government filed a Complaint seeking judgment against Defendant for unpaid federal income tax liabilities for the tax years 2007 – 2012. ECF No. 1. On March 6, 2023, Defendant filed an Amended Answer.³ ECF No. 20.

On January 19, 2024, the Government filed the instant Motion for Partial Summary Judgment. ECF No. 36. Therein, the Government explains that it

> is only moving for summary judgment on the tax liabilities Defendant Travis owes for tax years 2010 – 2012 because tax years 2007 – 2009 will be fully paid by the sales proceeds the United States recently received in the case styled <u>United States v. Howard D. Travis, et al.</u>, Case No. 2:22-cv-00098, in the United States District Court for the Southern District of Ohio, Columbus Division ("**S.D. Ohio case**"). The court in the S.D. Ohio case held that certain real property owned by Howard D. Travis in Licking County, Ohio was encumbered by federal tax liens, appointed a receiver to sell the property, and held that the Government was entitled to sales proceeds totaling $199,168.34. (S.D. Ohio case ECF 41; 58). . . . The United States recently received the sales proceeds from the court in the S.D. Ohio case but has not yet applied them to Defendant Travis' tax liabilities. The sales proceeds will fully pay Defendant Travis' tax liabilities for tax years 2007 – 2009, but deficiencies will remain for tax years 2010 – 2012.

<u>Id.</u> at 1 n.1. Thus, the Government is seeking summary judgment that Defendant "is liable for the income tax liabilities for tax years 2010 – 2012 totaling $151,114.94, as of January 19, 2024, plus statutory additions, and prejudgment and post judgment interest at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid." <u>Id.</u> at 12.

---

³ On June 29, 2022, Defendant submitted a document styled "Formal Complaint," in which he contested the United States' right to relief, requested the production of certain documents, and requested that the Court transfer the case to another venue. See ECF No. 5 at 2-16. On August 25, 2022, the Government filed a motion to dismiss Defendant's "Formal Complaint" on the grounds that his arguments were "completely lacking in legal merit and patently frivolous." ECF No. 7 at 1. On September 7, 2022, the Government filed a motion for default judgment, arguing that Defendant's June 29, 2022 filing was "not an answer under Rule 8 or a motion under Rule 12[.]" ECF No. 8 at 1. On January 27, 2023, the Court issued an Order granting the Government's motion to dismiss, denying without prejudice the Government's motion for default judgment, and ordering Defendant to file an Answer. ECF No. 16.

### III.   Legal Standard

Summary judgment is appropriate where the pleadings, discovery materials, and affidavits or declarations show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Fed. R. Civ. P 56(c)(1)(A). Once the movant meets this burden, the non-movant must put in the record facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–52 (1986). A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim. Id. at 248. And a dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the non-moving party. Id.

The non-moving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment. See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 649 (10th Cir. 1988). Rather, the non-movant has a responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [their] case in order to survive summary judgment." Johnson v. Mullin, 422 F.3d 1184, 1187 (10th Cir. 2005) (quoting McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998)). Pursuant to the Local Rules of this Court, "[a]ll material facts set forth in the [motion for summary judgment] will be deemed undisputed unless specifically controverted." D.N.M.LR-Civ. 56(b).

5

## IV. Discussion

The Government argues that it is entitled to summary judgment as to Defendant's tax liability for tax years 2010 – 2012. ECF No. 36 at 7-11.

When a person fails to file a required tax return, the IRS "shall make such return from [its] own knowledge and from such information as [it] can obtain through testimony or otherwise." 26 U.S.C. § 6020(b)(1). When the IRS prepares returns for a taxpayer pursuant to Section 6020(b) of the Internal Revenue Code, the IRS notifies the taxpayer of the tax obligation determined by the IRS through a statutory notice of deficiency. Decl. of Charles E. Orrell ("Orrell Decl."), ECF No. 36-3 ¶ 4. The statutory notice of deficiency is sent via certified mail to the taxpayer's last known address and advises the taxpayer that unless he or she responds to the letter within 90 days, the tax obligation determined by the IRS, including tax, penalties, and interest, which is set forth in the statutory notice of deficiency, will be assessed against the taxpayer. Id.

Here, it is undisputed that the IRS prepared returns for Defendant pursuant 28 U.S.C. § 6020(b) for tax years 2010 – 2012. SUMF ¶ 1; see also Orrell Decl. ¶ 3; Declaration of Suzy Taylor ("Taylor Decl."), ECF No. 36-10 ¶ 4. It is further undisputed that the IRS sent Notices of Deficiency to Defendant via certified mail at his last known address advising him that unless he responded to the letters within 90 days, the tax obligation determined by the IRS—which was set forth in the Notices of Deficiency—would be assessed against him. SUMF ¶¶ 3-6; see also Orrell Decl. ¶¶ 6-8; 2010 Notice of Deficiency, ECF No. 36-4 at 1; 2011 Notice of Deficiency, ECF No. 36-5 at 2; 2012 Notice of Deficiency, ECF No. 36-6 at 3. It is further undisputed that Defendant (1) failed to file a petition with the U.S. Tax Court or otherwise challenge the proposed assessments, and (2) did not file delinquent tax returns for tax years 2010 – 2012. SUMF ¶ 8; see also Orrell Decl. ¶ 10; Taylor Decl. ¶ 4. Consequently, the IRS made assessments against

Defendant for unpaid federal income taxes, penalties, and interest, for tax years 2010 – 2012, plus accrued but unassessed statutory additions to tax.  SUMF ¶¶ 8-9; see also Orrell Decl. ¶ 10; Taylor Decl. ¶¶ 4-5.

"An 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes."  United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002).  "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court."  Id. (citations omitted).  A certified IRS Form 4340 is "presumptive proof" of a valid assessment and notice thereof.  Ford v. Pryor, 552 F.3d 1174, 1178-79 (10th Cir. 2008) ("[A] Summary Record Assessment, provided on Form 4340, is 'presumptive proof of a valid assessment.'") (quoting March v. Internal Revenue Serv., 335 F.3d 1186, 1188 (10th Cir. 2003)); Perez v. United States, 312 F.3d 191, 195 (5th Cir. 2002) ("[U]nder the Federal Rules of Evidence, IRS Form 4340 constitutes valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof."); Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992) ("Official certificates, such as Form 4340, can constitute proof of the fact that the assessments actually were made."); United States v. Poteet, 792 F. Supp. 2d 1201, 1206 (D.N.M. 2011) ("The certified copies of the Forms 4340 are presumptive proof that Poteet was properly assessed income tax liabilities for tax years 2000 through 2005, and establish a prima-facie case of liability.").

The Government has submitted certified IRS Form 4340 Certificates of Assessments, Payments, and Other Specified Matters, dated September 1, 2022, identifying Defendant's tax liabilities for 2010, 2011, and 2012.  ECF No. 36-1.  The Form 4340s reflect a tax liability of $41,589.87 for tax year 2010, id. at 6; $28,640.52 for tax year 2011, id. at 12; and $63,033.09 for tax year 2012, id. at 17; for a total tax liability of $133,263.48.  The Form 4340s establish a prima

7

facie case of liability in that amount. Poteet, 792 F. Supp. 2d at 1206. Because Defendant has failed to present any evidence undermining the validity of the assessments, the Court finds that Defendant owes $133,263.48 in unpaid tax liability, and the Government is entitled to reduce that liability to judgment. See United States v. Simones, Case No. 1:20-cv-00795-PJK-SCY, 2021 WL 3883649, at *3 (D.N.M. Aug. 31, 2021) (finding that Form 4340s identified the defendant's tax liabilities for the relevant years, the defendant failed to present evidence undermining the validity of the assessments, and therefore the defendant owed the government "$284,684.04 in unpaid tax liability and the government is entitled reduce that liability to judgment"), aff'd 2022 WL 1714885 (10th Cir. May 27, 2022); see also Poteet, 792 F. Supp. 2d at 1206.

The Court notes that the Government argues that Defendant's tax liabilities total $151,114.94 as of January 19, 2024. SUMF ¶ 9 (citing Taylor Decl. ¶ 5). In support of this total, they cite Paragraph 5 of the Declaration of IRS Advisor Suzy Taylor, which states:

> On the dates in the chart below, a delegate of the Secretary of the Treasury made assessments against Howard D. Travis based on the returns the IRS prepared for him for federal income tax liabilities for tax years 2010 – 2012 totaling $151,114.94, as of January 19, 2024, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any credits through January 19, 2024, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 1/19/2024 |
|---|---|---|---|---|
| 12/31/2010 | 08/26/2013 | Tax | $19,073.00 | |
| | 08/26/2013 | Estimated Tax Penalty | $409.05 | |
| | 08/26/2013 | Late Filing Penalty | $4,291.43 | |
| | 08/26/2013 | Failure to Pay Tax Penalty | $2,765.58 | |
| | 11/10/2014 | | $2,002.67 | |

| | | | | |
|---|---|---|---|---|
| | | Failure to Pay Tax Penalty | | **$47,179.10** |
| 12/31/2011 | 11/17/2014 | Tax | $20,264.00 | |
| | 11/17/2014 | Estimated Tax Penalty | $258.18 | |
| | 11/17/2014 | Failure to Pay Tax Penalty | $2,202.24 | |
| | 11/17/2014 | Late Filing Penalty | $3,096.90 | |
| | 11/15/2021 | Failure to Pay Tax Penalty | $1,238.76 | **$32,471.46** |
| 12/31/2012 | 11/02/2015 | Tax | $38,279.00 | |
| | 11/02/2015 | Estimated Tax Penalty | $546.46 | |
| | 11/02/2015 | Failure to Pay Tax Penalty | $4,845.30 | |
| | 11/02/2015 | Late Filing Penalty | $7,033.50 | |
| | 11/15/2021 | Failure to Pay Tax Penalty | $2,969.70 | **$71,464.38** |
| **Total** | | | | **$151,114.94** |

ECF No. 36-10 ¶ 5.

    Initially, the Court notes that these numbers are problematic because the "Amount[s] Assessed" do not equal the "Balance Due." The figures in the "Amount Assessed" column equal $28,541.73, $27,060.08, and $53,673.96 for tax years 2010, 2011, and 2012, respectively, for a total of $109,275.77. Although the Form 4340s prove that Defendant owes $133,263.48 in unpaid tax liability, it is unclear how the Government calculated the additional $17,851.46 it claims he

9

owes (for a total of $151,114.94).[4]  Consequently, the Court cannot find that the Government has established that it is entitled to judgment in the amount of $151,114.94.  However, the Court will enter a non-final judgment in the amount of $133,263.48, and provide the Government thirty days to establish its entitlement to the additional monies it claims Defendant owes.

V.      **Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1. The United States of America's Motion for Partial Summary Judgment, ECF No. 36, is **GRANTED IN PART** consistent with this Order;

2. The Government is entitled to a **NON-FINAL JUDGMENT** in the amount of **$133,263.48** for Defendant Howard D. Travis's unpaid tax liability;

3. The Government shall have and receive from Defendant Howard D. Travis the amount of **$133,263.48**, plus statutory additions and pre- and post-judgment interest at the relevant statutory rate, for which sum let execution issue;

4. The Government shall have **THIRTY DAYS** from the date of this Order to file a supplemental memorandum and supporting evidence establishing entitlement to the additional monies it claims Defendant owes; and

---

[4] It is possible that the additional $17,851.46 is interest accrued between September 1, 2022, when the Form 4340s were certified, and January 19, 2024, the date the Motion was filed.  However, the Government has not explained the $17,851.46 or established a legal entitlement to it.

5. If the Government chooses not to file a supplemental memorandum seeking the additional monies allegedly owed within thirty days of the date of this Order, the Court will enter final judgment and close the case.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE