**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

                                           Case No. 2:22-cv-00315-MIS-JHR

HOWARD D. TRAVIS,

     Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** is before the Court on a Letter dated March 11, 2024, from pro se Defendant Howard D. Travis asking the Court to reconsider its Order granting in part Plaintiff's Motion for Partial Summary Judgment. ECF No. 42. The Court construes the Letter as a Motion for Reconsideration and will **DENY** the Motion.

### I.     Background

On April 26, 2022, the Government filed a Complaint seeking judgment against Defendant for unpaid federal income tax liabilities for the tax years 2007 – 2012. ECF No. 1. On March 6, 2023, Defendant filed an Amended Answer. ECF No. 20.

On January 19, 2024, the Government filed a Motion for Partial Summary Judgment. ECF No. 36. Therein, the Government explained that it

> is only moving for summary judgment on the tax liabilities Defendant Travis owes for tax years 2010 – 2012 because tax years 2007 – 2009 will be fully paid by the sales proceeds the United States recently received in the case styled United States v. Howard D. Travis, et al., Case No. 2:22-cv-00098, in the United States District Court for the Southern District of Ohio, Columbus Division ("**S.D. Ohio case**"). The court in the S.D. Ohio case held that certain real property owned by Howard D. Travis in Licking County, Ohio was encumbered by federal tax liens, appointed a receiver to sell the property, and held that the Government was entitled to sales proceeds totaling $199,168.34. (S.D. Ohio case ECF 41; 58). . . . The United States recently received the sales proceeds from the court in the S.D. Ohio case but has

> not yet applied them to Defendant Travis' tax liabilities. The sales proceeds will fully pay Defendant Travis' tax liabilities for tax years 2007 – 2009, but deficiencies will remain for tax years 2010 – 2012.

Id. at 1 n.1.  Thus, the Government's Motion sought summary judgment that Defendant "is liable for the income tax liabilities for tax years 2010 – 2012 totaling $151,114.94, as of January 19, 2024, plus statutory additions, and prejudgment and post judgment interest at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid."  Id. at 12.

The Court did not receive a timely-filed response from Defendant.

On February 27, 2024, the Court issued an Order granting in part the Government's Motion, finding that the Government proved that Defendant owes $133,263.48 in unpaid tax liability for tax years 2010 through 2012.  ECF No. 41 at 8 ("Summary Judgment Order").  The Court noted that the Government had sought judgment in the amount of $151,114.94, but the Court could not determine how the Government calculated that figure.  Id. at 8.  Thus, the Court entered non-final judgment in favor of the Government and against Defendant in the amount of $133,263.48, plus statutory additions and pre- and post-judgment interest at the relevant statutory rate, id. at 10, and provided the Government thirty days to file a supplemental memorandum and supporting evidence establishing entitlement to the $17,851.46 difference between the $151,114.94 it sought and the $133,263.48 it proved Defendant owed, id.

On March 13, 2024, Defendant filed the instant Motion for Reconsideration in which he asserts that he sent a Response to the Government's Motion for Partial Summary Judgment to the Court via certified mail on February 17, 2024, ECF No. 42 at 1, and to which he attached a copy of a Certified Mail Receipt with a date stamp of February 17, 2024, id. at 2.

On March 14, 2024, Defendant filed a copy of the Response in which he argues that the Government's claims for unpaid tax liability are barred by res judicata because the "tax claims at

issue in the [Southern District of] Ohio case are identical to the claims made in this case . . . ."
ECF No. 43 at 1.

On March 28, 2024, the Government filed a Reply arguing that the claims in this lawsuit
are different from the claims in the Southern District of Ohio case in which the Government sued
Defendant to enforce tax liens against real property owned by Defendant and Cynthia Travis.  ECF
No. 45 at 2.  The Government attached to its Reply copies of several filings from the Southern
District of Ohio case, including the Complaint and orders issued by the District Court finding that
the real property was encumbered by federal tax liens, granting the United States' request to sell
the entire fee simple estate to satisfy Defendant's tax liabilities, appointing a receiver to sell the
property, disbursing the sale proceeds, and closing the case.  ECF No. 45-1.  It also filed a copy of
the Final Judgment the Southern District of Ohio entered on November 30, 2023.  Id. at 48.

## II.     Legal Standard

Because the instant Motion was filed within twenty-eight days of the Court's Summary
Judgment Order, it is governed by Rule 59(e).  See Servants of Paraclete v. Does, 204 F.3d 1005,
1012 (10th Cir. 2000).  "Grounds warranting a motion to reconsider include (1) an intervening
change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct
clear error or prevent manifest injustice."  Id.  "Thus, a motion for reconsideration is appropriate
where the court has misapprehended the facts, a party's position, or the controlling law."  Id.  "It
is not appropriate to revisit issues already addressed or advance arguments that could have been
raised in prior briefing."  Id.

## III.    Discussion

The Court finds no grounds for granting Defendant's Motion for Reconsideration.  To begin
with, although Defendant apparently attempted to file a Response to the Government's Motion for

Partial Summary Judgment by sending it via certified mail to the Court on February 17, 2024, <u>see</u> ECF No. 42 at 1-2, the Response would have been untimely even if the Court had received it.  The Government electronically filed its Motion for Partial Summary Judgment on January 19, 2024. ECF No. 36.  Pursuant to the Local Rules of this District, "an electronic document is considered filed on the date of the electronic transfer," D.N.M.LR-Civ. 5.1(c), and "[a] response must be served and filed within fourteen (14) calendar days after service of the motion[,]" D.N.M.LR-Civ. 7.4(a).  Thus, Defendant's response was due on or before February 2, 2024.  Defendant did not move the Court for an extension of time to file a response, and he has not argued that good cause exists to extend the response deadline.  <u>See</u> Fed. R. Civ. P. 6(b)(1).  Consequently, even if the Court had received the Response that Defendant apparently sent to the Court via certified mail on February 17, 2024, it would have been stricken as untimely.  <u>See</u> <u>Palzer v. CoxCom, LLC</u>, 833 F. App'x 192, 198-99 (10th Cir. 2020) (affirming district court's order striking late-filed response to motion for summary judgment).

Regardless, the Response does not provide grounds for reconsideration because Defendant failed to plead and prove that res judicata bars the Government's claim.  Res judicata is an affirmative defense as to which Defendant bears the burden of proof.  <u>Johnson v. Spencer</u>, 950 F.3d 680, 712 (10th Cir. 2020).  Federal Rule of Civil Procedure 8(c) requires that in responding to a complaint, a defendant "must affirmatively state any avoidance or affirmative defense, including…res judicata[.]"  Fed. R. Civ. P. 8(c)(1).  "If such defenses are not affirmatively pleaded, asserted with a motion under Rule 12(b) or tried by the express or implied consent of the parties, such defenses are deemed to have been waived and may not thereafter be considered as triable issues in the case."  <u>Radio Corp. of Am. v. Radio Station KYFM, Inc.</u>, 424 F.2d 14, 17 (10th Cir. 1970).

4

Here, Defendant did not plead res judicata as an affirmative defense in his Amended Answer and did not assert it in a Rule 12(b) motion.  See ECF No. 20.  Even if he had pled res judicata as an affirmative defense, he failed to carry his burden of proving that the Southern District of Ohio's Judgment enforcing federal tax liens against Defendant's real property precludes the Government's claim to reduce Defendant's unpaid tax liability to judgment.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"  City of Eudora, Kan. v. Rural Water Dist. No. 4, Douglas Cnty., Kan., 875 F.3d 1030, 1034 (10th Cir. 2017) (quoting Taylor v. Sturgell, 553 U.S. 880, 892 (10th Cir. 2017)).  "[C]laim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."  Id. at 1035 (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)).  "Claim preclusion requires: '(1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits.'"  Id. (quoting MACTEC, Inc. v. Gorelick, 427 F.3d 821, 831 (10th Cir. 2005)).

Here, the Government concedes that the first two elements of claim preclusion are met, as the United States District Court for the Southern District of Ohio has entered a final judgment on the merits in the tax lien case,[1] and both the Government and Defendant were parties to that suit. See ECF No. 45 at 3 (citing ECF No. 45-1 at 48).

However, Defendant failed to carry his burden of proving that the claim asserted by the Government in this action and the claim asserted by the Government in the Southern District of Ohio action are the same cause of action.

---

[1]        The Court notes that the Southern District of Ohio entered Final Judgment on November 30, 2023, after this case had been pending for more than nineteen months.  See ECF No. 45-1 at 48.

"To determine what constitutes a 'cause of action' for preclusion purposes, [the Tenth Circuit Court of Appeals] has adopted the 'transactional approach' found in the Restatement (Second) of Judgments § 24."  City of Eudora, 875 F.3d at 1035 (quoting MACTEC, 427 F.3d at 832).  This approach, as adopted by the Tenth Circuit, states:

> [A] final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What constitutes a "transaction" or a "series" is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit.

Id. (quoting King v. Union Oil of Cal., 117 F.3d 443, 445 (10th Cir. 1997) (quoting Lowell Staats Mining Co., Inc. v. Philadelphia Elec. Co., 878 F.2d 1271, 1274 (10th Cir. 1989))).

Here, Defendant simply asserts, without evidence or citation to legal authority, that "the cause(s) of action in both cases are identical: tax assessments for years 2007 - 2012."  ECF No. 43 at 2.  The Government argues that the claims do not arise from the same transaction, event, or occurrence.  ECF No. 45 at 3.  It argues that the evidence it submitted to prove its claims in this case is different than the evidence it submitted to prove its claims in the Southern District of Ohio case.  Id. at 4 ("In this case, the United States submitted evidence to establish that (1) the Internal Revenue Service sent Defendant Travis Notices of Deficiency for tax years 2010 – 2012; and (2) Defendant Travis is liable for unpaid federal income tax liabilities for tax years 2010 – 2012.  In contrast, the United States in the S.D. Ohio case submitted as evidence (1) the Deed showing Defendant Travis and his wife acquired property in Licking County, Ohio; (2) notices of federal tax liens ('NFTLs') filed with the Recorder of Licking County, Ohio; and (3) Forms 4340 to make prima facie showing that a substantial tax liability exists to support the appointment of a receiver to sell the property.") (citations omitted).  The Government further argues that it could not have sued to reduce Defendant's tax liability to judgment in the Southern District of Ohio case because

6

Defendant is a citizen of New Mexico and therefore the Southern District of Ohio lacks personal jurisdiction to enter a judgment against Defendant for unpaid tax liabilities.  Id. (citing United States v. Wells Fargo Home Mortg., 631 F. App'x 632, 635 (10th Cir. 2015)).  Finally, it argues that the Southern District of Ohio's "in rem judgment is not res judicata to an in personam action." Id. (citing S.E.L. Maduro (Fla.), Inc. v. M/V Antonio de Gastaneta, 833 F.2d 1477, 1481-83 (11th Cir. 1987)).

The Court agrees with the Government.  The Southern District of Ohio case was an action in rem to enforce federal tax liens against real property owned by Defendant.  See United States v. Webb, 486 F. Supp. 3d 1238, 1243 (S.D. Ind. 2020) (observing that tax liens are enforced in rem). This case is an action in personam to reduce Defendant's unpaid tax liabilities to judgment.  See ECF No. 1 at 1.  The Court finds that the Southern District of Ohio's judgment in rem does not have a preclusive effect on this action in personam.  Sherman v. Kirshman, 369 F.2d 886, 889 (2d Cir. 1966) ("It is well settled that in a proceeding in rem or quasi in rem to determine interests in property the judgment is generally conclusive upon the persons named as defendants solely with respect to their interests in the property."); Estate of Tyler ex rel. Floyd v. Grossman, 108 F. Supp. 3d 279, 290 (E.D. Pa. 2015) ("It sometimes happens that out of the same transaction there arise rights both in personam and in rem.  In such case, a judgment in rem does not merge the action in personam on the original claim, and does not constitute a bar to an action thereon."); Restatement (Second) of Judgments § 30 ("A valid and final judgment in an action based only on jurisdiction to determine interests in a thing . . . [d]oes not bind anyone with respect to a personal liability[.]"); cf. S.E.L. Maduro, 833 F.2d at 1481-82 (finding that a judgment in personam did not have preclusive effect on lien foreclosure action in rem).

Relatedly, Defendant has not argued or established that the United States District Court for the Southern District of Ohio would have personal jurisdiction to reduce Defendant's unpaid tax liabilities to judgment.  It appears that Defendant is a citizen of New Mexico, not Ohio, see ECF No. 1 ¶ 4, and Defendant has not shown that he has sufficient "minimum contacts" with Ohio such that he is subject to personal jurisdiction there.  See generally Shrader v. Biddinger, 633 F.3d 1235, 1239-40 (10th Cir. 2011).  Thus, while the United States District Court for the Southern District of Ohio had in rem jurisdiction over the property at issue in the tax lien case, Defendant has not shown that it could have exercised personal jurisdiction over Defendant to reduce his unpaid tax liabilities to judgment.  "Absent personal jurisdiction, the traditional rule has been that a judgment based on property jurisdiction is binding only with respect to interests in the property brought before the court."  Wright & Miller, 18A Federal Practice & Procedure § 4412 (3d ed. 2023).

For these reasons, the Court finds that res judicata does not bar Plaintiff's claims, and reconsideration of the Court's Summary Judgment Order is unwarranted.

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that Defendant's construed Motion for Reconsideration, ECF No. 42, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE