IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                                            Case No. 2:22-cv-00315-MIS-JHR

HOWARD D. TRAVIS,

    Defendant.

## ORDER SUPPLEMENTING AND AMENDING SUMMARY JUDGMENT ORDER

**THIS MATTER** is before the Court on the United States of America's Supplemental Memorandum and Supporting Evidence, ECF No. 44 ("Supplement"), filed March 25, 2024. Defendant, proceeding pro se, did not respond. Upon review of the Supplement, the record, and the relevant law, the Court will **SUPPLEMENT AND AMEND** its Order Granting in Part the United States of America's Motion for Partial Summary Judgment, ECF No. 41 ("Summary Judgment Order"), issued February 27, 2024.

    **I.**        **Relevant Background**[1]

On April 26, 2022, the Government filed a Complaint seeking judgment against Defendant for unpaid federal income tax liabilities for the tax years 2007 – 2012. ECF No. 1. On March 6, 2023, Defendant filed an Amended Answer. ECF No. 20.

On January 19, 2024, the Government filed a Motion for Partial Summary Judgment seeking summary judgment that Defendant "is liable for the income tax liabilities for tax years

---

[1] The undisputed facts relevant to this lawsuit are set out in the Court's Summary Judgment Order, ECF No. 41 at 1-3, which the Court adopts and incorporates herein.

2010 – 2012[2] totaling $151,114.94, as of January 19, 2024, plus statutory additions, and prejudgment and post judgment interest at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid." ECF No. 36 at 12.

The Court did not receive a timely-filed response from Defendant.

On February 27, 2024, the Court issued an Order granting in part the Government's Motion, finding that the Government proved that Defendant owes $133,263.48 in unpaid tax liability for tax years 2010 through 2012. ECF No. 41 at 8. Specifically, the Court found:

> The Government has submitted certified IRS Form 4340 Certificates of Assessments, Payments, and Other Specified Matters, dated September 1, 2022, identifying Defendant's tax liabilities for 2010, 2011, and 2012. ECF No. 36-1. The Form 4340s reflect a tax liability of $41,589.87 for tax year 2010, id. at 6; $28,640.52 for tax year 2011, id. at 12; and $63,033.09 for tax year 2012, id. at 17; for a total tax liability of $133,263.48. The Form[s] 4340[] establish a prima facie case of liability in that amount. Poteet, 792 F. Supp. 2d at 1206. Because Defendant has failed to present any evidence undermining the validity of the assessments, the Court finds that Defendant owes $133,263.48 in unpaid tax liability, and the Government is entitled to reduce that liability to judgment. See United States v. Simones, Case No. 1:20-cv-00795-PJK-SCY, 2021 WL 3883649, at *3 (D.N.M. Aug. 31, 2021) (finding that Form[s] 4340[] identified the defendant's tax liabilities for the relevant years, the defendant failed to present evidence undermining the validity of the assessments, and therefore the defendant owed the government "$284,684.04 in unpaid tax liability and the government is entitled reduce that liability to judgment"), aff'd 2022 WL 1714885 (10th Cir. May 27, 2022); see also Poteet, 792 F. Supp. 2d at 1206.

Id. at 7-8. The Court noted that the Government had sought judgment in the amount of $151,114.94, but the Court could not determine how the Government calculated that figure. Id. at 8. Thus, the Court entered non-final judgment in favor of the Government and against Defendant in the amount of $133,263.48, plus statutory additions and pre- and post-judgment interest at the

---

² In its Motion, the Government explained that it "is only moving for summary judgment on the tax liabilities Defendant Travis owes for tax years 2010 – 2012 because tax years 2007 – 2009 will be fully paid by the sales proceeds the United States recently received in the case styled United States v. Howard D. Travis, et al., Case No. 2:22-cv-00098, in the United States District Court for the Southern District of Ohio[.]" Id. at 1 n.1.

relevant statutory rate, id. at 10, and provided the Government thirty days to file a supplemental memorandum and supporting evidence establishing entitlement to the $17,851.46 difference between the $151,114.94 it sought and the $133,263.48 it proved Defendant owed, id.

On March 13, 2024, Defendant filed a Motion for Reconsideration, ECF No. 42, which the Court denied, ECF No. 47.[3]

On March 25, 2024, the Government filed the instant Supplemental Memorandum and Supporting Evidence. ECF No. 44, 44-1. Defendant did not respond.

## II.    Discussion

In its Supplement, the Government explains that while the Forms 4340 provide the assessed balance owed for a certain tax year, they do not reflect accrued interest or failure to pay penalty accruals. ECF No. 44 (citing Second Decl. of Suzy Taylor ("Taylor Decl.," ECF No. 44-1) ¶ 11). "'This is because statutory interest and penalties or other statutory additions accrue from the date of assessment until payment.'" Id. (quoting United States v. Waller, Case No. 2:16-CV-352 JCM (EJY), 2021 U.S. Dist. LEXIS 38916, at *6 n.1 (D. Nev. Jan. 25, 2021)). "To generate payoff balances with all accruals for a taxpayer, an employee of the Internal Revenue Service inputs the command code INTSTD into the IRS' Integrated Data Retrieval System ('IDRS')." Id. (citing Taylor Decl. ¶¶ 3, 8-10).

---

[3] Defendant's Motion for Reconsideration states that he mailed a Response to the Government's Motion for Partial Summary Judgment to the Court via certified mail on February 17, 2024. ECF No. 42 at 1. He attached to his Motion a copy of a Certified Mail Receipt with a date stamp of February 17, 2024. Id. at 2. He also filed a copy of the Response in which he argues that the Government's claims for unpaid tax liability are barred by res judicata because the "tax claims at issue in the [Southern District of] Ohio case are identical to the claims made in this case . . . ." ECF No. 43 at 1. However, he did not dispute Plaintiff's Statement of Undisputed Material Fact and did not contest the $151,114.94 in unpaid tax liability. See id. The Court denied the Motion for Reconsideration, finding that (1) even if the Court had received the Response Defendant apparently mailed to the Court via certified mail on February 17, 2024, the Court would have stricken it as untimely, and, in any event, (2) it did not present grounds for reconsidering the Court's Summary Judgment Order. ECF No. 47.

The Government generated and filed the IDRS INTSTD module printouts for Defendant for tax years 2010 – 2012 which show: (1) the balances due for Defendant's tax liabilities for tax years 2010 – 2012; (2) the interest computation tables showing how interest was calculated; and (3) the failure to pay penalty computation table showing how the failure to pay penalty was calculated.  Taylor Decl. ¶ 9; IDRS INTSTD Printouts, ECF No. 44-1 at 6-22.  The IDRS INTSTD printouts establish that Defendant owes $47,179.10 for tax year 2010, $32,495.46 for tax year 2011, and $71,464.38 for tax year 2012, for a total of $151,138.94 through January 19, 2024.  Taylor Decl. ¶¶ 6, 8-10; IDRS INTSTD Printouts, ECF No. 44-1 at 6-22.

The Government acknowledges that there is a $24 discrepancy between the amount its Motion for Partial Summary Judgment argues he owes for tax year 2011 ($32,471.46) and the amount the IDRS INTSTD Printouts show that he owes for that year ($32,495.46).  ECF No. 44 at 3.  The Government believes the discrepancy "is due to a transposition error[,]" and is only seeking the lesser $32,471.46 it claimed that he owed for tax year 2011 in its Motion for Partial Summary Judgment.  ECF No. 44 at 3.

The Court finds that the IDRS INTSTD computations "draw directly from the presumptively valid assessments [in the Forms 4340], and that the outstanding balance claimed in Plaintiff's Motion follows logically from the figures represented on the Forms 4340."  United States v. Welch, Civil Action No. 11–cv–02292–CMA–KLM, 2013 WL 5338507, at *6 (D. Colo. July 25, 2013), report and recommendation adopted 2013 WL 4434250 (D. Colo. Aug. 15, 2013); see also United States v. Olsen, Civil Action No. 14-cv-3302-WJM-KLM, 2016 WL 322554, at *3 (D. Colo. Jan. 27, 2016) ("[B]ecause the computations included on the INTSTD module printouts follow logically from the figures represented on the Forms 4340, the Court is assured that those computations are correct in this case.").  Because Defendant has failed to present any evidence

4

undermining the validity of the computations, the Court finds that Defendant owes $151,114.94 in unpaid tax liability for tax years 2010 through 2012, and the Government is entitled to reduce that liability to judgment. See Olsen, 2016 WL 322554, at *3 (ordering the clerk to enter judgment in favor of the Government in the amounts outlined in the INTSTD module printouts).

### III. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Court's Order Granting in Part the United States of America's Motion for Partial Summary Judgment, ECF No. 41, is **SUPPLEMENTED AND AMENDED** consistent with this Order;

2. Pursuant to Rule 58(a), **FINAL JUDGMENT** shall be entered separately in favor of the United States of America and against Defendant Howard D. Travis for tax years 2010 through 2012 in the amount of **$151,114.94**, plus statutory additions and pre- and post-judgment interest at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c) running from January 19, 2024, until paid, less any payments and credits;

3. All pending motions are **DENIED AS MOOT**; and

4. This case is now **CLOSED**.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE